OPINION
PER CURIAM.
Clinton Bush, a federal prisoner, has filed a petition for a writ of mandamus, asking this Court to compel the District Court to amend his sentence. For the reasons that follow, we will deny the petition.
Bush pleaded guilty in December 1998 in the United States District Court for the Eastern District of Pennsylvania to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), and was sentenced to 180 months imprisonment with a five year period of supervised release. He argues here that the maximum sentence for that violation is 120 months, and that the District Court’s assertion that his 180 month sentence is authorized under 18 U.S.C. § 924(e)(1) is not supported by the record.
As Bush recognizes, mandamus is an extraordinary remedy. Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Within the discretion of the issuing court, mandamus traditionally may be “used ... only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.” Id. (internal quotations and citations omitted). A petitioner must show “ ‘no other adequate means to attain the desired relief, and ... a right to the writ [that] is clear and indisputable.’” In re Patenaude, 210 F.3d 135, 141 (3d Cir.2000) (citation omitted). Mandamus is not a *127 substitute for appeal. Cheney v. U.S. Dist. Ct., 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004).
Bush’s claim is one that could have been addressed on direct appeal.[1] Bush’s failure to raise the issue on direct appeal does not translate to a finding that he has “no other adequate means to attain the desired relief.” Oracare DPO, Inc. v. Menu, 972 F.2d 519, 523 (3d Cir.1992) (Petitioner for writ of mandamus will not be found to lack adequate means to obtain relief simply because he allowed time to appeal to expire). Accordingly, mandamus relief is not appropriate here, and the petition will be denied.

. It appears that Bush waived his appellate rights. Bush has made numerous unsuccessful attempts to challenge his conviction and sentence, as reflected in appeals to this Court, including a § 2255 motion, see C.A. No. 01-3839; a motion filed pursuant to Fed.R.Civ.P. 60(b)(6), see C.A. No. 03-4027; and two petitions filed pursuant to 28 U.S.C. § 2241, see C.A. No. 07-1974 and C.A. No. 08-2929.